**AMERICAN SAMOA GOVERNMENT, Plaintiff,**

**v.**

**SMITH SIAUMAU, Defendant.**

High Court of American Samoa
Trial Division

CR No. 108-00

November 22, 2000

Before KRUSE, Chief Justice, LOGOAI, Associate Judge, and ATIULAGI, Associate Judge.

Counsel: For Plaintiff, Suzanne Tiapula, Assistant Attorney General
For Defendant, Bentley Adams III, Assistant Public Defender

### ORDER DENYING DEFENDANT'S MOTION FOR BAIL REDUCTION AND GRANTING PLAINTIFF'S MOTION FOR NO BAIL

This matter came on regularly for arraignment on November 8, 2000, following the defendant's waiver of preliminary examination before the District Court. The defendant is charged with multiple counts of assault ranging from third degree to first degree assault charges. The complainant is his wife who is presently under protective custody with the government.

Following arraignment, the defendant orally moved to reduce bail, set by the District Court at $50,000, to $25,000 arguing that he was not a flight risk. The government countered with its own oral motion to reinstate the initial order of "no bail" as set out in the warrant for the defendant's arrest. The government referred to the defendant's history of violent behavior toward his immediate family and additionally alerted the court to an attempt made on the defendant's behalf to contact the complainant by way of a letter and $20.00 while she remained under the protective custody of the government. We took both motions under advisement.

The day following arraignment, and pending a decision on the oral motions addressing bail, the defendant tendered proposed sureties purporting to cover the amount of bail here before set in the sum of $50,000. The supporting documents for sureties are facially dubious in many respects. First, the Kelly Blue Book values, readily available on the Internet, for some of the automobiles tendered as collateral were outright fabrications. Second, the valuation estimates attributed to ASCO motors are unsigned, undated, and simply looked suspicious. Upon investigation by the Court's probation office, the ASCO Motors' valuations proved to be bogus. *See* Affidavit of Chief Probation Officer filed Nov. 16, 2000.

 The defendant is quite obviously a desperate character. Having regard to the nature of the charges against the defendant and the attendant circumstances as deposed to by the arresting officer in his affidavit in support of arrest warrant, the defendant's demonstrated propensity for violent behavior toward others, *see Am. Samoa Gov't v. Siaumau*, DCCr. 62-95; *Am. Samoa Gov't v. Siaumau*, DCCr. 67-95; and *Am. Samoa Gov't v. Siaumau*, DCCr. 47-88, and in light of the bail sham tendered by the defendant, we find the presumption great that the defendant not only committed (an) infamous crime(s) but that he is a danger to the complainant and society if released on bail.

Accordingly, the defendant's motion for bail reduction is denied, and the government's motion for no bail is granted.

It is so ordered.